**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-21509-CIV-DIMITROULEAS/D'ANGELO**

YUMEI SHI,

      **Plaintiff,**

vs.

THE INDIVIDUALS et al.,

      **Defendants.**

                      /

## ORDER SETTING DISCOVERY PROCEDURES

**THIS CAUSE** is before the Court following the referral of this action to the undersigned Magistrate Judge for all pre-trial discovery matters (DE 83).  The parties are hereby notified that the following procedures apply to discovery issues before this Court.  The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or of other discovery misconduct.   To facilitate the speedy and inexpensive resolution of this action pursuant to Federal Rule of Civil Procedure 1, it is hereby **ORDERED and ADJUDGED** that the following discovery procedures will apply in this case as of the date of this Order:

### MEET AND CONFER

Before requesting any relief related to a discovery dispute, the parties must first confer in a good-faith effort to resolve the dispute in compliance with Local Rule 7.1(a)(3).   Under this Local Rule, counsel must certify that they made good-faith efforts to confer.   An adequate certificate of conference requires at least one personal communication (in person, by videoconference, or by telephone), if not more, between counsel.   The Court cautions counsel that sending an email demanding a response or position on the same day is insufficient to satisfy the conferral obligations

under this Local Rule.  The Court expects all parties to engage in reasonable compromise to facilitate the resolution of discovery disputes.   As part of their conferral, the parties should specifically discuss each discovery request and objection at issue before seeking Court intervention.   If counsel refuses to confer, then the party seeking relief ("the moving party") shall state so and outline the efforts made to confer with opposing counsel in the motion, the procedures for which are explained further below.

### DISCOVERY MOTION AND HEARING PROCEDURES

1.      **Raising Discovery Disputes Timely:** Parties must timely raise discovery disputes as required by Local Rule 26.1(g)(2).   The Court strictly enforces the Local Rule and interprets the 28-day window as the time during which the parties must make good-faith resolution efforts, subject to the seven-day extension permitted by the Local Rule.   Thus, the moving party must seek relief within the period prescribed in Local Rule 26.1(g)(2) by filing a motion, as described below.   The parties should take note that the Court strictly enforces Local Rule 26.1(d), which requires that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff.

2.      **Discovery Motions[1]:** If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, the moving party shall file a motion requesting appropriate relief.  The motion shall not exceed five (5) pages in length and must include a certificate of good faith that complies with Local Rule 7.1(a)(3) and specifically indicates the efforts that were made to resolve the dispute prior to filing the motion.  Failure to comply with these requirements will result in the motion being stricken from the docket.  A motion that relates

---

[1] In the event a presiding District Judge's Order regarding discovery procedures conflicts with these discovery procedures, the District Judge's Order prevails.

to a non-party must be served on the non-party.

Upon the filing of a discovery motion, the non-moving party will have three (3) business days to file a response.  The response shall not exceed five (5) pages in length.  Failure to comply with these requirements will result in the response being stricken from the docket.  No replies will be permitted unless ordered by the Court.

The parties shall attach the following documents to their motion and response:

A.     **Exhibit A:** A proposed order by each party on the issues raised in the motion and response, setting forth the specific relief requested.  The proposed order shall not contain any legal argument.  In addition to filing the proposed order as an exhibit to their motion and response, the parties shall email a Word version to the Court at DAngelo@flsd.uscourts.gov.[2]

B.     **Exhibit B:** A copy of all source materials relevant to the discovery dispute. For example, if the dispute involves answers to interrogatories, the moving party shall provide the interrogatories and answers to the interrogatories.

C.     **Exhibit C:** Any documents either party intends to rely on at a hearing.

D.     **Exhibit D:** A list of citations for any legal authorities either party intends to rely on at a hearing, along with a copy of those authorities.   Exhibit D shall not contain any legal argument.   However, the parties may highlight any relevant portions of the relied-upon legal authorities and provide parentheticals in the list of citations.

3.     **<u>Scheduling a Discovery Hearing:</u>** After reviewing the motion and the response, the Court may set the matter for a hearing.  The discovery dispute will usually be heard within fourteen (14) days from the filing of the response to the motion.  The Court typically requires in-

---

[2] When contacting the Court, the email's subject line should begin with the case number followed by the case style.  For example, an email's subject line should read "24-1234-CIV, *John v. Doe* – Proposed Order."

person attendance at the hearing.  The Court does not permit hybrid hearings.  If the parties have good cause for requesting that a discovery hearing be held via Zoom, they may jointly contact the Court via email at DAngelo@flsd.uscourts.gov, setting forth the reasons why the attorneys cannot attend the hearing in-person.  The Court will not respond to any requests that do not include the attorneys for all parties on the correspondence.  No argument or background about the dispute is permitted in emails to the Court.

4.      **Resolution of Discovery Dispute:** The parties are encouraged to continue to pursue resolution of any disputed discovery matters after a hearing is scheduled.  If the parties resolve all the disputed discovery issues, the parties shall notify the Court via email at DAngelo@flsd.uscourts.gov as soon as practicable.  If the parties resolve some, but not all, of the disputed discovery issues, the parties shall notify the Court as soon as practicable via email of the specific discovery issues that no longer require Court action.

5.      **Agreed Orders:** When the parties have stipulated to the entry of a proposed order, such as a stipulated confidentiality order, the parties shall file a joint motion for entry of the stipulated order and attach a copy of the proposed order as Exhibit A.   In addition to filing the proposed order as an exhibit, the parties shall email a Word version to the Court at DAngelo@flsd.uscourts.gov.  The Court does not enter agreed orders extending the deadline for discovery responses, nor does the Court enter orders memorializing discovery agreements between the parties on issues that were not brought before the Court.

6.      **Sanctions and Attorneys' Fees and Costs:** The Court may impose sanctions, monetary or any other type, if it determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification.  *See* Fed. R. Civ. P. 37.  If a party is seeking attorneys' fees and costs in connection with a discovery dispute that is set for a hearing,

4

the party should be prepared to argue the basis for entitlement, as well as the amount of attorneys' fees and costs, at the hearing.

7.   **<u>Encouraging Participation by Less-Experienced Lawyers:</u>** Ordinarily, only one lawyer for each party may argue at the discovery hearing.   Nevertheless, the Court has a strong commitment to supporting the development of our next generation of lawyers.   The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue in court.   If a lawyer of five (5) or fewer years of experience will be arguing the matter, a party should advise the Court prior to the beginning of the hearing.   In that event, the Court will allow multiple lawyers to argue on behalf of that party.

**GENERAL DISCOVERY PRINCIPLES**

The Court strictly enforces the guidelines on discovery objections set forth below, together with the provisions of the Federal Rules of Civil Procedure addressing discovery matters (Rules 26 through 37) and Local Rule 26.1.

**<u>Relevance and Proportionality:</u>** Rule 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).   Therefore, an objection that a discovery request is not reasonably calculated to lead to admissible evidence is based upon an outdated discovery standard.   Such an objection is meaningless and will be found meritless by the Court.   An objection based on relevance or proportionality must include a specific explanation describing why the requested

5

discovery is not relevant and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).[3]

**Vague, Overly Broad, and Unduly Burdensome:** Parties shall not make conclusory, boilerplate objections.   Blanket, unsupported objections that a discovery request is "vague, overly broad, and unduly burdensome" are, by themselves, meaningless, and the Court will disregard them.   A party objecting on these bases must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome.   *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.").   If a party believes that a request is vague, the party shall attempt to obtain clarification prior to objecting on this ground.   Sworn testimony or evidence may be necessary to show that a particular request is, in fact, burdensome.   If the Court will hear argument on this objection during the hearing, counsel must be prepared to address why the production would be burdensome with specificity.

**Objections Based on Scope:** If there is an objection based on an overly broad scope, such as timeframe or geographic location, discovery should be provided as to those matters within the scope that are not disputed.   For example, if discovery is sought nationwide for a ten-year period and the responding party objects on the grounds that appropriate discovery encompasses only

---

[3] The Court recognizes that what is relevant, proportionate, cumulative, or unduly burdensome can change as a case proceeds.  A party may be unwilling to compromise its position on a particular discovery request for fear that the concession will be deemed a waiver of a future objection or demand for related discovery.   The Court evaluates all discovery requests and responses individually.  Therefore, by responding, in whole or in part, to a discovery request, a party does not waive any objection to a future request.  Similarly, by agreeing to limit a discovery demand, a party does not waive its right to seek additional discovery in the future.

activities in Florida over a five-year period, the responding party shall provide responsive discovery falling within the five-year period of activity in Florida.

**Formulaic Objections Followed by an Answer:** Parties should avoid reciting formulaic or "general objections" followed by an answer to the request.   Such a practice leaves the requesting party uncertain as to whether the question has been fully answered or only a portion of it has been answered.   Rule 34(b)(2)(C) specifically requires an objection to state whether any responsive materials are being withheld on the basis of that objection.   As a result, counsel shall include in the answer a clear statement that all responsive documents or information identified have, in fact, been produced or provided or describe the category of documents or information that has been withheld based on the objection.

**Objections Based on Privilege:** Generalized objections asserting attorney-client privilege or work-product doctrine do not comply with Local Rule 26.1(e)(2)(B), which requires that objections based upon privilege identify the specific nature of the privilege being asserted, the nature and general subject matter of the communication at issue, the sender and receiver of the communication, and their relationship to each other, among other requirements.   Parties are instructed to review this Local Rule carefully and refrain from objecting in the form of: "Objection. This information is protected by attorney-client and/or work-product privilege."   If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.   Further, the production of nonprivileged materials should not be delayed while a party is preparing a privilege log.   Note that the party with the burden of persuasion on a privilege claim has the obligation to present to the Court sworn evidence, if necessary, to satisfy that burden.   To that end, if a discovery dispute involves a claim of privilege, **any necessary sworn evidence supporting the claim of privilege shall be filed as Exhibit C to the motion or response.**

The Court may deem the failure to timely present such sworn evidence as a waiver of the privilege, absent a showing of good cause.

**Objections to Scope of Rule 30(b)(6) Notices for Depositions:** Corporations are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative's deposition.   Objections to the scope of a deposition notice shall be timely served (not filed) in advance of the deposition.   Accordingly, the Court will adjudicate any objections to the scope of a Rule 30(b)(6) deposition only after the completion of the deposition.

**Sequencing and Timing of Discovery:** The parties are reminded to comply with Rule 26(d)(3) that grants all parties the right to sequence their own discovery, which means that one party's discovery does not require any other party to delay its discovery.   Relatedly, the parties shall not wait until the end of the discovery period to begin taking any depositions.   The failure to complete depositions before the discovery cutoff does not constitute good cause to extend the discovery period.

**DONE and ORDERED** in Chambers in Miami, Florida on this 30th day of September, 2025.

_____

ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:     All Counsel of Record

8